HARRISON H. VOORHEES, receiver, &c.,

*v.*

LILLIE M. MALOTT et al.

[Submitted December 10th, 1907. Decided April 3d, 1908.]

M., two and one-half months after purchasing certain property for $450, conveyed it to a corporation formed for the construction and operation of a hotel, of which her husband was president and she was secretary, for $3,000, $1,000 of which was paid by the issuance of corporate stock to her at par, the other $2,000 being secured by a mortgage on the property. The husband was in fact the real actor in the transaction. Immediately thereafter the corporation erected a hotel building on the land, and subsequently passed into the hands of a receiver.—*Held*, that the sale was unconscionable, and that the receiver was entitled to a decree crediting on the mortgage the difference between the cost of the land to M. and the price received by her from the corporation.

On appeal of the defendant Horace F. Nixon from a decree advised by Vice-Chancellor Leaming, whose opinion is reported in *72 N. J. Eq. (2 Buch.) 791.*

*Mr. Curtis T. Baker* and *Mr. Herbert F. Harris,* for the appellant.

*Mr. Lewis Starr,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case is filed by the complainant as receiver of the Ocean Crest Hotel Company for the purpose of setting aside or reducing the amount of a $2,000 mortgage upon the hotel property, given by the company to the defendant Mrs. Lillie M. Malott, and assigned by her to Horace F. Nixon, the appellant. The lands covered by the mortgage were conveyed by Mrs. Malott

to the corporation for the sum of $3,000, in pursuance of an agreement for that purpose made at the time of the organization of the company, the purchase price being paid by the mortgage in question, and the delivery to her of $1,000 of the stock of the company at par. Mrs. Malott had been the owner of the lands for only two and a half months before conveying them to the company, and the price paid by her for them was $450. At the time of the sale to the company Mrs. Malott was its secretary, and her husband, Horace J. Malott, was its president. The theory upon which the bill is filed, as stated in the opinion of the learned vice-chancellor, is that, by reason of the fiduciary relations which existed between the Malotts and the corporation, the contract of sale being for a grossly excessive price was in violation of established principles controlling trusteeships, and that it should be set aside, or, if not, then that the difference between what Mrs. Malott paid for the property, and the amount for which she sold it, should be credited upon the mortgage. At the hearing the learned vice-chancellor reached the conclusion that on the proofs submitted, the receiver was entitled to a decree reducing the amount of the mortgage to the sum paid by Mrs. Malott for the property, namely, $450, with interest, and it was so decreed accordingly. From this decree the defendant Nixon appeals.

The vice-chancellor, in his opinion, after premising that a contract for the sale of lands to a corporation by one of its directors is voidable at the option of the corporation, even after it is executed, considers whether the principle which underlies this rule is not equally applicable to a contract of a similar kind made between the corporation and the wife of one of its directors, and solves the proposition in the affirmative. He does not, however, rest his conclusion that the receiver is entitled to the relief granted solely upon this ground. He finds, substantially, that the proofs show that Malott, the husband, and not his wife, was the real actor in the whole transaction, the wife being merely the agency through which he acted, and makes this finding also the basis of his decree.

We do not find it necessary to accede to or dissent from the view that a contract for the sale of property by the wife of a

director of a corporation to the corporation may be set aside by the corporation at its option, after the contract is executed, for we concur in the conclusion of the vice-chancellor that the proofs show Mr. Malott, and not his wife, to have been the real party in the transaction under investigation, and, for that reason, we think the receiver is entitled to relief against the unconscionable sale. It appeared in the proofs that immediately after the purchase of the mortgaged lands, the hotel company erected a hotel building thereon. This fact made it impossible to restore the parties to the transaction to their original positions, and we agree with the vice-chancellor that, under the circumstances, the proper relief to be granted was to compel the crediting upon the mortgage of the difference between the cost of the lands to Mrs. Malott, and the price received by her from the company. We note, in passing, that in the making of that credit the decree fails to take into consideration the $1,000 of stock received by Mrs. Malott, but, as the receiver makes no complaint, this fact calls for no consideration here.

The conclusion of the vice-chancellor that the appellant, Nixon, took the assignment of the mortgage with full knowledge of its infirmities, we find to be entirely justified by the proofs, and we agree with him that the receiver is entitled to the same relief against it in the hands of the assignee as if it had remained in the hands of the original holder.

The decree below will be affirmed.

*For affirmance*—The Chancellor, Chief-Justice, Garrison, Swayze, Reed, Trenchard, Parker. Bergen, Bogert, Vroom, Green, Gray, Dill—13.

*For reversal*—None.